**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BURCHARD, <br><br> Plaintiff, <br> v. <br> QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; J.P. MORGAN CHASE, N.A.; and DOES 1 through 45, inclusive, <br><br> Defendants. | CASE NO. 17cv1780-WQH-WVG <br><br> ORDER |

HAYES, Judge:

The matters before the Court are the motion to dismiss filed by Defendants JP Morgan Chase Bank, N.A. and Mortgage Electronic Registration Systems Inc. (ECF No. 4) and the motion to dismiss filed by Defendant Quality Loan Service Corporation. (ECF No. 5).

**I. BACKGROUND**

On July 24, 2017, Plaintiff Mark Burchard filed a complaint in the Superior Court for the County of San Diego against Defendants Quality Loan Service Corporation ("Quality Loan"), Mortgage Electronic Registration Systems, Inc. ("MERS"), JP Morgan Chase Bank, N.A. ("Chase"), and does 1 through 45. (ECF No.1 at 8-37). The Complaint alleges the following ten causes of action: (1) violation of California Business and Professions Code sections 17200 et seq; (2) violation of the California Homeowner Bill of Rights; (3) violations of California Civil Code section 2923.5; (4)

negligence; (5) intentional infliction of emotional distress; (6) slander of title; (7) quiet title; (8) declaratory relief; (9) fraud in the concealment; and (10) constructive fraud. *Id.* The causes of action generally arise out of the alleged wrongful foreclosure on property owned by Plaintiff. Plaintiff alleges that Defendants "failed to contact Plaintiff in person or by telephone to explore the option of avoiding foreclosure as mandated by the express requirement of the California Homeowner Bill of Rights and California Civil Code § 2923.5" prior to recording a Notice of Default on Plaintiff's property. *Id.* at ¶ 6. Plaintiff alleges that Defendants "cannot establish rightful possession and proper transfer or proper endorsement of the Promissory Note and the assignment of the Deed of Trust herein." *Id.* at ¶ 4. Specifically, Plaintiff alleges that the foreclosure was improper because the assignment of the deed of trust by MERS was invalid. *Id.* ¶¶ 20-21.

On September 1, 2017, this action was removed to this Court.

On September 8, 2017, Defendants Chase and MERS filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4). Defendants contend that Plaintiff fails to state a claim with respect to each cause of action alleged in the complaint. *Id.*

On September 29, 2017, Defendant Quality Loan filed a motion to dismiss pursuant to Rules 12(b)(7) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). Defendant contends that the complaint must be dismissed for failure to join an indispensable party because Plaintiff has failed to join Joy Burchard, "a co-obligor under the Promissory Note and Loan Modification Agreement." *Id.* Defendant further contends that Plaintiff has failed to state a claim with respect to each of the causes of action in the complaint. *Id.*

The record reflects that Plaintiff has not filed a response in opposition to either of the motions to dismiss.

**II. DISCUSSION**

A district court may properly grant an unopposed motion pursuant to a local rule

where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that the notice of removal and motions to dismiss were served on Plaintiff at his current address. The docket reflects that Chase and MERS obtained a hearing date of October 16, 2017 for their motion to dismiss. (ECF No. 4). The docket reflects that Quality Loan obtained a hearing date of November 6, 2017 for its motion to dismiss. (ECF No. 5). Pursuant to the local rules, Plaintiff was to file any response to the motions to dismiss no later than fourteen days prior to the hearing dates. The docket reflects that Plaintiff has failed to file any response to the motions as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to oppose the motions to dismiss as "a consent to the granting of" the motions. CivLR 7.1(f)(3)(c). The Court further concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the motions to dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53. The motions to dismiss are granted. (ECF Nos. 4,5).

///

**III. CONCLUSION**

IT IS HEREBY ORDERED that the motion to dismiss filed by Chase and MERS and the motion to dismiss filed by Quality Loan are GRANTED. (ECF Nos. 4, 5). The Complaint is dismissed without prejudice. Plaintiff shall file any motion for leave to file an amended complaint pursuant to Local Civil Rule 7.1 and within thirty (30) days of the date this Order is issued. If Plaintiff does not file any motion for leave to amend within thirty days, the Clerk of Court shall close the case.

DATED: November 20, 2017

**WILLIAM Q. HAYES**
United States District Judge